UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILLIP COUSER,

         Petitioner,

    v.

J. NOATH, Superintendent,

         Respondent.
_____

<u>DECISION AND ORDER</u>

17-CV-6320L


   Petitioner Phillip Couser has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in New York State Supreme Court, Monroe County of robbery in the first degree (N.Y. Penal L. § 160.15[4]), two counts of criminal possession of a weapon in the second degree (Penal L. § 265.03[3] and [1][b]), three counts of attempted robbery in the first degree (Penal L. §§ 110.00, 160.15[4]), and one count of criminal possession of a weapon in the third degree (Penal L. § 265.02[1]).  Couser is currently serving a sentence of 33 years imprisonment.


## BACKGROUND

   The background of petitioner's proceedings in the state courts is amply set forth in the decision of the New York Court of Appeals on his direct appeal.  *See People v. Couser*, 28 N.Y.3d 368 (2016).  In short, Couser was charged with several counts stemming from an incident that occurred in Rochester on August 16, 2008, in which he and three others robbed a group of people in a public park.  During that incident, Couser and his compatriots ordered the victims to

lie face down on the ground, which they did.  Couser then put a pistol to the back of one victim's head and pulled the trigger.  The victim survived because he flinched at the last moment, so that the bullet only grazed his head.

The case against Couser went to a jury trial.  The jury convicted him on all counts but the first-degree attempted murder charge, as to which they were hung.  Both sides agreed to accept a partial verdict.

Prior to retrial on the attempted murder charge, Couser said that he wanted to enter an *Alford* plea.  After some further proceedings, the trial court accepted the plea.  Couser was sentenced on all charges of conviction to an aggregate term of 48 years imprisonment.

Couser appealed, raising several grounds for relief.  His convictions were affirmed.  The only change was that the Appellate Division directed that some of Couser's sentences run concurrently rather than consecutively, which had the effect of reducing his aggregate sentence to 33 years.  *People v. Couser*, 126 A.D.3d 1419 (4th Dep't 2015).  The Court of Appeals affirmed. 28 N.Y.3d 368.

Couser filed his petition in this case in May 2017.  His sole ground for relief is that during jury selection at his trial, a prospective juror stated that Couser's attorney once "had a real estate deal with me, and ... it was a horrible, horrible deal."  She added, "I wouldn't believe anything he [*i.e.*, the attorney] told me ... ."  Trial Tr. (Dkt. #7-3) at 200.  The prospective juror was then excused for cause.

In his petition, Couser asserts that his trial attorney was ineffective, in violation of petitioner's rights under the Sixth Amendment to the United States Constitution, because he did not take any steps to see to what extent, if any, the other jurors were affected by the "struck"

juror's statements.  He also contends that his lawyer should have requested some corrective

action from the trial judge, presumably meaning a cautionary instruction or further inquiry of the

remaining venirepersons.  In what may charitably be termed a bit of hyperbole, he contends that

this alleged error so infected the rest of the proceedings that he is "truely surprized that the Jury

didn't find the petitioner guilty of shooting 'J.F.K.' as well."  Pet. Mem. (Dkt. #9) at 6.

Couser did not raise this issue in his direct appeal.  He asserts it for the first time now, in

this habeas proceeding.


## DISCUSSION

### I. General Principles

Federal habeas review is available for a state prisoner "only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a).  But "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner

must exhaust his remedies in state court.  In other words, the state prisoner must give the state

courts an opportunity to act on his claims before he presents those claims to a federal court in a

habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999).  *See also* 28 U.S.C. §

2254(b)(1)(A); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) ("To provide the state with

the first opportunity to consider and correct alleged violations of its prisoners' constitutional

rights, a state prisoner is required to exhaust all of his available state remedies before a federal

court can consider his habeas application").

If the petitioner failed to raise a claim on direct review, and can no longer do so, the claim

is deemed to be exhausted, but is procedurally defaulted.  *See Jackson*, 763 F.3d at 133 ("if the

state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the

state courts with his unexhausted claim, those courts would find the claim barred by the

application of a state procedural rule, 'we must deem the claim procedurally defaulted'")

(quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) ) (additional internal quotes omitted).

*Accord DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (citing *Harris v. Reed*, 489 U.S.

255, 263 n.9 (1989)).

Although defaulted claims are generally deemed to be exhausted, "exhaustion in this

sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal

court.  Instead, if the petitioner procedurally defaulted [on] those claims, the prisoner generally is

barred from asserting those claims in a federal habeas proceeding."  *Woodford v. Ngo*, 548 U.S.

81, 93 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

There is a narrow exception to that rule, however.  "Where a [petitioner] has procedurally

defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if

the [petitioner] can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually

innocent.'"  *Danielson v. Lee*, 715 Fed.Appx. 45, 47 (2d Cir. 2017) (quoting *DiSimone v.

Phillips*, 461 F.3d 181, 190-91 (2d Cir. 2006) and *Bousley v. United States*, 523 U.S. 614, 622

(1998)).

In general, "cause" for the default can be demonstrated by "showing that the factual or

legal basis for a claim was not reasonably available to counsel[,] ... that 'some interference by

state officials' made compliance impracticable[,] ... [or that] the procedural default is the result of

ineffective assistance of counsel."  *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (citing

*Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  To show "prejudice," the petitioner must show

that but for the default, either the verdict or the sentence would likely have been different, but for the underlying alleged errors or constitutional violations. *United States v. Stubbs*, 757 Fed.Appx. 159 (3d Cir. 2018); *see also McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *4 (E.D.N.Y. Sept. 2, 2012) ("prejudice" means that the errors in the trial court "worked to [the petitioner's] actual and substantial disadvantage") (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)).

It is well established that "a petitioner seeking to overcome the hurdle of a procedural default must demonstrate *both* cause for the default *and* prejudice attributable thereto." *Walker v. Conway*, No. 04-CV-6056, 2007 WL 9225072, at *12 (W.D.N.Y. June 25, 2007) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982). Therefore, "[f]ailure to make a showing on either cause or prejudice means that a petitioner will not be able to overcome the procedural default." *Id.*

## II. Application to this Case

In the instant case, Couser did not raise his ineffective-assistance claim in state court. He offers no reason for not doing so, and he presents no facts or arguments even suggesting that he has suffered actual prejudice, either as a result of not raising this claim in his direct appeal, or for that matter, as a result of the underlying alleged omission by his trial attorney.

Since petitioner has not demonstrated cause for his default, the Court can, and does, dismiss the petition on that ground. *Id.* I also find, however, that he cannot show prejudice. There is nothing in the record to suggest that the comments by the prospective juror would likely have had any appreciable effect on the other jurors, much less that it affected the outcome of Couser's trial. After the juror in question was excused, there was extensive additional voir dire. Toward the end of jury selection, the trial judge asked all the jurors if anyone did not think they

could decide the case based solely on the evidence presented and the court's instructions on the law, and no one indicated that they could not. Trial Tr. at 221-22. The judge reemphasized the importance of that in his opening and final instructions, *see id.* at 284, 735, 759, and the jury presumably followed those instructions. *See United States v. Brooks*, 828 Fed.Appx. 9, 12 (2d Cir. 2020) ("Juries are presumed to follow their instructions"). It is obvious from the record, then, that the jurors who were ultimately selected were not in the least affected by the brief statements by one particular venireperson concerning some prior real estate deal gone bad.

In short, there was no deficient performance by Couser's attorney to begin with, the alleged deficiency could have had no material effect on the outcome of the trial, and the appellate courts would certainly have rejected a Sixth Amendment claim premised on that ground, had it been raised on appeal. For all these reasons, the petition must be denied.

## CONCLUSION

For all the reasons stated above, there is no basis to grant habeas corpus relief in this case. Therefore, the petition for a writ of habeas corpus (Dkt. #1) is DENIED. The Court also denies issuance of a certificate of appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 10, 2020.

-6-